UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HORPINEL CANTORAN et al., *on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class,*

                                         Plaintiffs,

          -v-

DDJ CORPORATION et al.,

                                        Defendants.
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/16

15 Civ. 10041 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

In this action under the Fair Labor Standards Act ("FLSA"), plaintiffs filed a notice of acceptance of defendants' Rule 68 offer of judgment. Dkt. 34. On June 2, 2016, the Court directed the parties to file, by June 20, an application for settlement approval, citing the Second Circuit's recent holding that parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Dkt. 35. On June 14, 2016, plaintiffs submitted a letter requesting either (a) a 30-day extension to discuss the Court's June 2 order with defendants and to prepare the application for settlement approval, or (b) reconsideration. Dkt. 36.

In their letter, plaintiffs cited three recent district court cases in this Circuit holding that courts *must* enter judgment on an accepted Rule 68 offer of judgment and that these are not subject to judicial approval, unlike Rule 41 stipulations of dismissal. *See Baba v. Beverly Hills Cemetery Corp. Inc.*, No. 15 Civ. 5151 (CM), 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016); *Barnhill v. Fred Stark Estate*, No. 15 Civ. 3360 (BMC), 2015 WL 5680145, at *2 (E.D.N.Y. Sept. 24, 2015); *Corado v. Nevetz Eleven Ice Cream Parlour*, Dkt. 7, No. 15 Civ. 5985 (ADS) (E.D.N.Y. April 5, 2016).

However, in the Eleventh Circuit, where judicial approval of FLSA settlements has long been required, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), district courts have held that Rule 68 offers of judgment remain subject to judicial scrutiny. *See Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 602 (N.D. Ga. 2014) (collecting cases); *Kingsley v. Noonan*, No. 12 Civ. 500, 2012 WL 5378918, at *2 (M.D. Fla. Sept. 20, 2012), *report and recommendation adopted*, WL 5378743 (M.D. Fla. Oct. 31, 2012) (rejecting argument that judicial scrutiny was inappropriate where plaintiff accepted Rule 68 offer but did not receive "full compensation" of her individual claim); *see also Ford v. Karpathoes, Inc.*, No. 14 Civ. 824, 2015 WL 736809, at *2 (D. Md. Feb. 19, 2015) (scrutinizing proposed settlement even though plaintiff accepted Rule 68 offer).

Therefore, as plaintiffs have not pointed to any *controlling* decisions that the Court overlooked in its June 2 order, *see Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), the Court denies the motion for reconsideration. However, the Court grants the requested 30-day extension. By July 20, 2016, the parties must pursue one of the three courses of action set out in the June 2 order *or* they must submit briefing, not to exceed 15 pages, in support of the position that an accepted Rule 68 offer of judgment is not subject to judicial approval in an FLSA case. If the parties pursue the latter course, they should address whether the Rule 68 offer in this case would fully satisfy plaintiffs' individual claims, *i.e.*, whether the offer matches or exceeds the maximum amount of damages plaintiffs could recover at trial.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: June 16, 2016
      New York, New York